JACOB L. HAFTER, ESQ.
Nevada State Bar No. 9303
MICHAEL K. NAETHE, ESQ.
Nevada State Bar No. 11222
LAW OFFICE OF JACOB HAFTER & ASSOCIATES
7201 West Lake Mead Blvd, Suite 210
Las Vegas, Nevada 89128
Tel: (702) 405-6700
Fax: (702) 685-4184

Attorney for Plaintiff
CHARLES WILLIAMS, M.D.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES WILLIAMS, M.D., | Case No.: 2:09-cv-00554-PMP-PAL |
| Plaintiff, | |
| vs. | |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, a political subdivision of Clark County, State of Nevada; STEVE SISOLAK, TOM COLLINS, LARRY BROWN, LAWRENCE WEEKLY, CHRIS GIUNCHIGLIANI, SUSAN BRAGER, and RORY REID, in their ex officio capacity as the Board of Trustees of UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; THE MEDICAL AND DENTAL STAFF OF THE UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, an independent subdivision of University Medical Center of Southern Nevada; JOHN ELLERTON, MD, an individual; DOE Defendants I through X, inclusive; and ROE CORPORATIONS A through Z, inclusive, | **FIRST AMENDED COMPLAINT** |
| Defendants. | |

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

COMES NOW, Plaintiff CHARLES WILLIAMS, M.D., by and through his attorneys of record, the law firm of Law Offices of Jacob Hafter & Associates, and for cause of action against the above-named Defendants hereby complains and alleges as follows:

## PARTIES

1.  At all relevant times, Plaintiff, CHARLES WILLIAMS, M.D. was and is a United States citizen who was domiciled in the State of Nevada.

2.  At all relevant times herein, Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, is a political subdivision of Clark County, State of Nevada, and a county hospital organized and existing pursuant to the provisions of Nevada Revised Statutes, Chapter 450.

3.  At all relevant times herein, Defendants STEVE SISOLAK, TOM COLLINS, LARRY BROWN, LAWRENCE WEEKLY, CHRIS GIUNCHIGLIANI, SUSAN BRAGER, and RORY REID, in their ex officio capacity at the Board of Trustees of UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, are residents of the State of Nevada, and serve and served as a County Commissioner with oversight obligations as the ex-officio Board of Trustees of Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA.

4.  At all relevant times herein, THE MEDICAL AND DENTAL STAFF OF THE UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA (the "Medical Staff"), is a separate subdivision of Defendant University Medical Center of Southern Nevada.

5.  Upon information and belief, Defendant JOHN ELLERTON, M.D., is a resident of the State of Nevada, and at all times relevant herein was and is the Chief of Staff, a position who is in charge of Defendant Medical Staff.

6.  The true names and capacities, whether individual, corporate, associate, or otherwise, of DOE Defendants I through X and ROE CORPORATIONS A through Z are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated as DOE Defendants and ROE CORPORATIONS are responsible in some manner for the events and

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER &
ASSOCIATES

occurrences referenced in this Complaint, and/or owes money to Plaintiff and/or may be affiliated with one of the other Defendants or may claim some interest in the subject matter of this Complaint.  Plaintiff will ask leave of the Court to amend this Complaint and insert the true names and capacities of DOE Defendants I through X and ROE CORPORATIONS A through Z when the identities of the same have been ascertained, and to join said Defendants in this action.

7.  The acts performed by representatives of Defendants UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA and the MEDICAL STAFF, whether such representatives have been individually named herein as a defendant, or are yet to be identified, were all ones which those representatives had the actual and/or apparent authority to perform, may have been within the scope of their employment, were of the kind they were authorized to perform, and were actuated at least in part by a desire to serve their employers, and therefore the entity defendants are liable for their acts pursuant to the doctrine of respondent superior.

## JURISDICTION AND VENUE

8.  All of the acts complained of herein occurred in Clark County, Nevada.

9.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, as the matter in controversy under Count I alleges that the Defendants violated the U.S. Constitution.

10. Counts III, IV and V of this Complaint arise under the Antitrust Laws of the United States, more specifically, Sections 1 and 2 of the Sherman Act, 15. U.S.C. §§ 1 and 2, with the recovery of damages as incurred as a result of the antitrust violations pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

11. Jurisdiction for all remaining Counts of this Complaint is based on the pendant jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

12. Venue is properly conferred on this Court pursuant to 15 U.S.C. § 15 and 28 U.S.C. § 1391 (b) because the Defendants are subject to personal jurisdiction in this District and because

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

a substantial part of the events giving rise to the claims alleged herein took place in this District.

## GENERAL ALLEGATIONS

13. Plaintiff graduated Howard University, School of Medicine in 1982.

14. Plaintiff was first licensed to practice medicine by the State of Nevada Board of Medical Examiners on April 14, 2004.

15. As of the date and time of this Complaint and for all relevant times covered herein, Plaintiff possesses and has continued to possess an active license to practice medicine from the State of Nevada Board of Medical Examiners in good standing.

16. In 1995 and 1996, Plaintiff became board certified in Anesthesiology and Pain Management by the American Board of Anesthesiologist.

17. Plaintiff moved to Las Vegas, Nevada in April of 2004.

18. When Plaintiff moved his practice to Las Vegas, Nevada, he sought privileges at numerous local hospitals including at Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA.

19. On or about September, 2004, Plaintiff was granted privileges with the MEDICAL STAFF.

20. On March 5, 2005, Plaintiff was the anesthesiologist for a renal transplant surgery ("Surgery").

21. During the Surgery, the patient experienced a complication which an allergic reaction, cardiopulmonary arrest and a compromise of the airway occurred.

22. In response to the airway compromise, an emergency surgical procedure was required to establish and maintain the patient's airway.

23. On or about March 7, 2005, Defendant Ellerton wrote a letter to Plaintiff informing him that his was summarily suspended from the Medical Staff.

24. On or about March 15, 2005, Defendant Ellerton wrote a letter to Plaintiff informing him that the Surgery would be discussed by the Medical Executive Committee at their March 22, 2005 meeting, and asked the Plaintiff for various pieces of information.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

25. In his March 15, 2005 letter, Defendant Ellerton noticed Plaintiff that he could attend the March 22, 2005 Medical Executive Committee meeting, if he desired.

26. At no time prior to or following the March 22, 2005 Medical Executive Committee meeting did any of the Defendants or any of other affiliate thereof provide Plaintiff with  a written notice of charges, upon which the suspension was based or which reasonably would have justified such action  against the Plaintiff.

27. At the March 22, 2005 Medical Executive Committee meeting, the MEC voted to continue the suspension of the Plaintiff's medical staff privileges initiated on March 7, 2005.

28. In a letter dated March 25, 2005 from the Medical Executive Committee to Plaintiff, the MEC advised Plaintiff that his suspension was sustained and, amongst other things, he should enroll in a diversion program for drug evaluation within 90 days of that date.

29. The Plaintiff tried to appeal the Medical Executive Committee's actions through the administrative process, inclusive of the request and completion of a "Fair Hearing" and an appeal to the Board of Trustees.

30. At no time during the Plaintiff's appeal process did any of the Defendants, nor any of their affiliates or representatives, provide Plaintiff with a formal list of allegations or charges which were made against him.

31. As a result, Plaintiff did not have adequate notice of the allegations made against him, and was unable to properly prepare an adequate defense.

## FIRST CAUSE OF ACTION
## CONSTITUTIONAL VIOLATION

(Violation of Fourteenth Amendment of the U.S. Constitution against all Defendants)

32. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

33. The Fourteenth Amendment to the U.S. Constitution secures certain rights, such as the right to due process, for U.S. citizens.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 4056-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

34. 42 U.S.C. §1983 provides a mechanism for the private enforcement of rights conferred by the Constitution and federal statutes.

35. Defendants are acting under the color of state law.

36. As medical staff privileges have been recognized to be a property interest protected by the Fourteenth Amendment, particularly when they may only be limited or revoked after a hearing, Defendants had a duty to ensure that Plaintiff's property interests were not impeded without due process.

37. The governing documents of the Medical Staff provides that in the case of an immediate harm or threat of harm to patients, staff or visitors to UMC, a physician's privileges may be immediately, or summarily suspended.

38. The Defendants used the summary suspension against the Plaintiff, without any evidence or proof of an immediate danger to any third party.

39. The Defendants did not have a reasonable grounds for suspecting that Plaintiff was an immediate danger to any third party, such that a summary suspension could be justified.

40. Article XII.A.(7) of the Medical Staff's Bylaws states that a "suspension or limitation of the right to admit patients or of any other membership prerogative directly related to the Physician's, Dentist's or Podiatrist's provision of patient care" is deemed an adverse decision (emphasis added).

41. As such, a suspension of clinical privileges may only be limited or revoked after proper due process has been afforded the physician, instilling a Fourteenth Amendment protected property right in the Plaintiff's clinical privileges.

42. Days after the summary suspension, the Medical Executive Committee met and took action against the Plaintiff.

43. Plaintiff was not provided adequate notice of the charges against him such that he could prepare an adequate defense for the March 22, 2009 meeting of the Medical Executive Committee.

44. When the MEC took action against Plaintiff on March 22, 2009, they did so without affording Plaintiff proper due process under the law.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

45. Plaintiff experienced a taking of a property right in violation of the Fourteenth Amendment of the U.S. Constitution.

46. The Plaintiff has been damaged, both economically and professionally, as a direct and proximate result of the Defendants' actions.

47. Defendants' actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, the rights of the Plaintiff. The Plaintiff is therefore entitled to an award of punitive or exemplary damages in an amount to compensate the plaintiff for mental anguish, humiliation, and outrage that the Plaintiff has suffered due to the Defendants' conduct and to deter Defendants' and other organizations and individuals from like conduct in the future.

48. Plaintiffs have been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and are entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

## SECOND CAUSE OF ACTION
## ANTI-TRUST VIOLATION

(Declaratory and Injunctive Relief against all Defendants)

49. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

50. A dispute has arisen and an actual controversy exists between the parties hereto in that Defendants improperly took an adverse action, as defined in the Bylaws of the Medical Staff, which caused a suspension of the medical privileges of Plaintiff.

51. Plaintiff is suffering economic harm from not being able to work as an anesthesiologist at Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA.

52. As a result of the Defendants' actions, and the subsequent reporting that occurred to the National Practitioner Data Bank, Plaintiff has been unable to secure any work as an anesthesiologist at any other hospital.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER &
ASSOCIATES

53. Plaintiff maintains that Defendants should not have taken action to suspend his clinical privileges in the manner which they did.

54. According to the Bylaws, Credentialing Manual and Fair Hearing procedure, Defendants should be required to confront Plaintiff with allegations of his alleged misconduct and their recommendations for adverse action with respect to his clinical privileges.

55. A declaration of rights, responsibilities, and obligations of Plaintiff and Defendants are essential to determine the respective rights and obligations of the parties hereto.

56. Plaintiff has no other adequate or speedy remedy at law.

57. Plaintiffs have been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and are entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

### THIRD CAUSE OF ACTION
### ANTI-TRUST VIOLATION
### (Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 and Section 4 of the Clayton Act, 15 U.S.C. § 15 - Conspiracy to Restrain Trade - against all Defendants)

58. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

59. Defendants unlawfully hid behind a concern that Plaintiff posed an unreasonable danger to UMC patients, visitors, employees and Medical Staff" as justification for their summary suspension of Plaintiff's clinical privileges.

60. Plaintiff has not been able to work as an anesthesiologist as a result of the suspension of Plaintiff's privileges by the Defendants.

61. As such income is derived by and through services performed at the facilities of the Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, Defendants, knew the financial impact which suspending his clinical privileges and reporting such to the National Practitioner's Data Bank would have on Plaintiff.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

62. The Defendants deliberately and unlawfully restrained competition by eliminating the Plaintiff as one of the eligible anesthesiologists at Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA.

63. The Defendants continue their anti-competitive conduct in restraint of trade by preventing Plaintiff from providing anesthesiology services at the Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, as well as the greater Las Vegas metropolitan area, as a whole.

64. As a result of the suspension of the clinical privileges of the Plaintiff, he is restrained in his ability to treat patients. As a result, the public's access to anesthesiology services is artificially and improperly limited.

65. The Plaintiff's injuries and damages coincide with the public detriment tending to result from the violation. The effect of the conspiracy is a diminution in competition and access to competent and experienced anesthesiologists in the greater Las Vegas metropolitan area.

66. The Defendants engaged in actions which violated their Bylaws and tried rely on a summary suspension, in part to quickly get rid of the Plaintiff.

67. The Plaintiff has suffered the type of injury the antitrust laws were intended to prevent and that flows from that which the Defendants' unlawful acts. The injury reflects the anti-competitive effect either of the violation or the anti competitive acts made possible by the Defendants' violations.

68. Plaintiff seeks a judgment for compensatory damages, simple interest on actual damages, statutory treble damages, attorney's fees and costs and any other relief this Court deems just and proper.

## FOURTH CAUSE OF ACTION

## ANTI-TRUST VIOLATION

**(Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 and Section 4 of the Clayton Act, 15 U.S.C. § 15 - Conspiracy to Monopolize - against all Defendants)**

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

69. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

70. Without the ability to work as an anesthesiologist at the UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA and the publication thereof, Plaintiff cannot treat surgical who come to UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA to seek care.

71. By the acts set forth above, the Defendants deliberately and unlawfully agreed, combined and/or conspired with each other with the specific intent to restrain trade and monopolize the access of the public to the Plaintiff, a skilled and highly experienced anesthesiologist, thereby detrimentally affecting competition in the anesthesiology market.

72. The Defendants continue their anti-competitive conduct in restraint of trade by preventing Plaintiff from providing anesthesiology services at the Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, as well as the greater Las Vegas metropolitan area, as a whole.

73. As a result of the suspension of the Plaintiff's clinical privileges, the Plaintiff is restrained in his ability to make his services to patients requiring anesthesiology. As a result, the public's access to anesthesiology services is artificially and improperly limited.

74. The Plaintiff's injuries and damages coincide with the public detriment tending to result form the violation. The effect of the conspiracy is a diminution in competition and access to competent and experienced anesthesiologists in the greater Las Vegas metropolitan area.

75. The Defendants engaged in actions which violated their Bylaws and tried to justify their actions as a summary suspension, despite the fact that they had no reasonable belief that Plaintiff was an imminent danger to self or others, in part to quickly get rid of the Plaintiff.

76. The Plaintiff has suffered the type of injury the antitrust laws were intended to prevent and that flows from that which the Defendants' unlawful acts. The injury reflects the anti-competitive effect either of the violation or the anti competitive acts made possible by the Defendants' violations.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

77. Plaintiff seeks a judgment for compensatory damages, simple interest on actual damages, statutory treble damages, attorney's fees and costs and any other relief this Court deems just and proper.

## FIFTH CAUSE OF ACTION
## ANTI-TRUST VIOLATION
### (Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 and Section 4 of the Clayton Act, 15 U.S.C. § 15 - Refusal to Deal/Essential Facilities - against all Defendants)

78. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

79. UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA is the only academic medical center in the greater Las Vegas metropolitan area.

80. The Defendants have the sole ability to grant or deny privileges to doctors at the area's only academic medical center.

81. Without the ability to take call at the Department of Trauma at the UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, Plaintiff cannot treat surgical patients who come to the UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA to seek care.

82. The Defendants unreasonably and improperly summarily suspended the clinical privileges of the Plaintiff.

83. The Plaintiff's injuries and damages coincide with the public detriment tending to result form the violation. The effect of the conspiracy is a diminution in competition and access to competent and experienced anesthesiologists in the greater Las Vegas metropolitan area.

84. The Plaintiff has suffered the type of injury the antitrust laws were intended to prevent and that flows from that which the Defendants' unlawful acts. The injury reflects the anti-competitive effect either of the violation or the anti competitive acts made possible by the Defendants' violations.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

85. Plaintiff seeks a judgment for compensatory damages, simple interest on actual damages, statutory treble damages, attorney's fees and costs and any other relief this Court deems just and proper.

## SIXTH CAUSE OF ACTION

**(Tortious Interference with Business Relationships and Prospective Business Relations against all Defendants)**

86. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

87. By the acts alleged in this Complaint, the Defendants intentionally and without justification caused or patients to terminate their prospective relationships with Plaintiff.

88. By the acts alleged in this Complaint, the Defendants intentionally and without justification caused potential patients not to enter into a physician/patient relationship with Plaintiff.

89. Absent the unlawful interference by the Defendants, Plaintiff would have formed and continued relationships with those patients.

90. As a result of the foregoing, Plaintiff has sustained economic loss, injury and damages in amounts not currently ascertained.

91. The Defendants actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, the rights of the Plaintiff.  The Plaintiff is therefore entitled to an award of punitive or exemplary damages in an amount to compensate the plaintiff for mental anguish, humiliation, and outrage that the Plaintiff has suffered due to the Defendants' conduct and to deter Defendants' and other organizations and individuals from like conduct in the future.

92. Plaintiffs have been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and are entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER & ASSOCIATES

**SEVENTH CAUSE OF ACTION**

**(Tortious Interference with Employment, Trade or Profession against all Defendants)**

93. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

94. Plaintiff had a valuable right in his profession as an anesthesiologist.

95. Plaintiff had a relationship with Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA to provide anesthesiology services.

96. The Defendants interfered in that relationship improperly, and without good cause, summarily suspending the Plaintiff's clinical privileges.

97. By instituting a summary suspension of his clinical privileges, Plaintiff is unable to provide anesthesiology services.

98. As a result of the foregoing, Plaintiff has sustained economic loss, injury and damages in amounts not currently ascertained.

99. Defendants actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, the rights of the Plaintiff. The Plaintiff is therefore entitled to an award of punitive or exemplary damages in an amount to compensate the plaintiff for mental anguish, humiliation, and outrage that the Plaintiff has suffered due to the Defendants' conduct and to deter Defendants' and other organizations and individuals from like conduct in the future.

100. Plaintiffs have been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and are entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

**EIGHTH CAUSE OF ACTION**

**(Negligent Interference with Prospective Economic Advantages against all Defendants)**

101. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER &
ASSOCIATES

102.     Defendants knew or should have known that a majority of Plaintiff's income stems from his ability to provide anesthesiology services at UMC.

103.     The Defendants knew or should have known that the suspension of the Plaintiff clinical privileges and publication thereof in the National Practitioner Data Bank would have substantial economic harm to the Plaintiff.

104.     The Defendants claim that their summary suspension was justified due to their concerns that the Plaintiff posed an "unreasonable danger to UMC patients, visitors, employees and Medical Staff."

105.     The Defendants' justification was mere puffery as they did not present Plaintiff with any evidence, or even one formal allegation which he could defend, which would demonstrate that they had a reasonable belief to believe that the Plaintiff posed an unreasonable danger to UMC patients, visitors, employees and Medical Staff.

106.     The failure to exercise due care by the Defendants caused Plaintiff economic damage, as Plaintiff's income as a trauma surgeon has been eliminated.

107.     As such, the Plaintiff is entitled to recover monetary damages from the Defendants, representing fair and reasonable compensation for the loss of the economic benefits or advantages suffered by the Plaintiff as a result of the wrongful conduct alleged herein above in an amount to be proven with specificity at trial.

108.     Plaintiffs have been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and are entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

## NINTH CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing against all Defendants)

109.     Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

110.     There is an implied covenant of good faith and fair dealing in every contract in Nevada.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER & ASSOCIATES

111.     By and through the Medical Staff's Bylaws, Credentialing Manual and other governing documents, the Plaintiff has a contractual agreement with Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA.

112.     Defendants had a duty to follow the Bylaws, Credentialing Manual and other governing documents in their treatment of Plaintiff's privileges.

113.     Defendants failed to uphold their obligations under these documents.

114.     Defendants failed to act in good faith to allow the parties set forth in the Agreement to complete their obligations under the Agreement.

115.     Defendants failed to follow the procedures set forth in the Defendants' Bylaws, Credentialing Manual and other governing documents when they suspended Plaintiff's privileges.

116.     Despite numerous efforts to obtain due process, including a "Fair" Hearing and Board of Trustees Appeal, Defendants failed to follow the procedures set forth in the Defendants' Bylaws, Credentialing Manual and other governing documents, as well as those set forth under the Health Care Quality Improvement Act, 42 USC §10001, et. seq., which require notice of the allegations and charges made against the Plaintiff.

117.     Defendants' breach of the covenant of good faith and fair dealing was the direct and proximate cause of the injuries the Plaintiff has sustained and is continuing to sustain.

118.     Defendants' actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for the rights of the Plaintiff.  The Plaintiff is therefore entitled to an award of punitive or exemplary damages in an amount to compensate the plaintiff for mental anguish, humiliation, and outrage that the Plaintiff has suffered due to the Defendant's conduct and to deter Defendants' and other organizations and individuals from like conduct in the future.

119.     Plaintiffs have been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and are entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

## TENTH CAUSE OF ACTION

### (Negligence against All Defendants)

120.    Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

121.    Defendants had a duty of care to act reasonably and follow the Bylaws, Credentialing Manual and other governing documents in their treatment of Plaintiff's privileges.

122.    Defendants failed to follow the procedures set forth in the Defendants' Bylaws, Credentialing Manual and other governing documents when they suspended Plaintiff's privileges, thereby breaching their duty to Plaintiff.

123.    Defendants breach of their duties as set forth in the Bylaws, Credentialing Manual and other governing documents, was the direct and proximate cause of the injuries the Plaintiff has sustained and is continuing to sustain.

124.    As a direct and proximate result of the Defendant's negligence the Plaintiff has been damaged in an amount to be proven at trial.

125.    Plaintiffs have been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and are entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

## ELEVENTH CAUSE OF ACTION

### (Defamation against all Defendants)

126.    Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

127.    Defendants accused Plaintiff of having inadequate skill and care as a physician by suspending, altering or modifying his clinical privileges at University Medical Center of Southern Nevada.

128.    The accusations that the Plaintiff caused the surgical complications are false, as he did not cause them.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER &
ASSOCIATES

129.     Defendants published the remarks to third parties, namely through their filing of a report with the National Practitioner Data Bank, making it publicly known that his clinical privileges have been altered, suspended or modified by making public statements as such to third parties, with knowledge of the falsity of the statements or in a reckless disregard of their truth or falsity.

130.     The publication was not privileged.

131.     The publication of these remarks has resulted in damages to the Plaintiff's reputation in the community, including, but not limited to:

     (a)     emotional distress;

     (b)     loss of employment and loss of future employment;

     (c)     harm to professional character;

     (d)     humiliation and embarrassment;

     (e)     sleeplessness and anxiety;

     (f)     other damages as may arise during the course of discovery.

132.     As a direct and proximate result of the Defendant's acts the Plaintiff has been damaged in an amount to be proven at trial.

133.     Defendants' actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, the rights of the Plaintiff. The Plaintiff is therefore entitled to an award of punitive or exemplary damages in an amount to compensate the plaintiff for mental anguish, humiliation, and outrage that the Plaintiff has suffered due to the Defendants' conduct and to deter Defendants' and other organizations and individuals from like conduct in the future.

134.     Plaintiff has been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and is entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

///

///

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER & ASSOCIATES

**TWELFTH CAUSE OF ACTION**

**(Defamation Per Se against Defendant University Medical Center of Southern Nevada and Defendant Medical Staff)**

135.    Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

136.    Defendants accused Plaintiff of having inadequate skill and care as a physician by claiming he was the cause of a serious surgical complication in its report to the National Practitioner Data Base.

137.    Defendants stated in their report to the National Practitioner Data Base that the Plaintiff was indefinitely suspended.

138.    The accusations that the Plaintiff caused the surgical complications are false, as he did not cause them.

139.    Defendants published the remarks to third parties, by and through the National Practitioner Data Base, with knowledge of the falsity of the statements or in a reckless disregard of their truth or falsity.

140.    The publication was not privileged.

141.    The publication of these remarks has resulted in damages to the Plaintiff's reputation in the community, including, but not limited to:

    (a)    emotional distress;

    (b)    loss of employment and loss of future employment;

    (c)    harm to professional character;

    (d)    humiliation and embarrassment;

    (e)    sleeplessness and anxiety;

    (f)    other damages as may arise during the course of discovery.

142.    As a direct and proximate result of the Defendant's acts the Plaintiff has been damaged in an amount to be proven at trial.

143.    Defendants' actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, the rights of the

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

Plaintiff. The Plaintiff is therefore entitled to an award of punitive or exemplary damages in an amount to compensate the plaintiff for mental anguish, humiliation, and outrage that the Plaintiff has suffered due to the Defendants' conduct and to deter Defendants' and other organizations and individuals from like conduct in the future.

144.     Plaintiff has been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and is entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

## THIRTEENTH CAUSE OF ACTION

### (Libel against all Defendants)

145.     Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

146.     Defendants accused Plaintiff of having inadequate skill and care as a physician by suspending, altering or modifying his clinical privileges at University Medical Center of Southern Nevada.

147.     The accusations that the Plaintiff caused the surgical complications are false, as he did not cause them.

148.     Defendants made a written report to the National Practitioner Data Base, which made it publicly known through such report that Plaintiff's clinical privileges have been altered, suspended or modified, with knowledge of the falsity of the statements or in a reckless disregard of their truth or falsity.

149.     The publication was not privileged.

150.     The publication of these remarks has resulted in damages to the Plaintiff's reputation in the community, including, but not limited to:

(a)     emotional distress;

(b)     loss of employment and loss of future employment;

(c)     harm to professional character;

(d)     humiliation and embarrassment;

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER &
ASSOCIATES

(e)     sleeplessness and anxiety;

(f)     other damages as may arise during the course of discovery.

151.     As a direct and proximate result of the Defendant's acts the Plaintiff has been damaged in an amount to be proven at trial.

152.     Plaintiff has been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and is entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

**FOURTEENTH CAUSE OF ACTION**

**(Slander against all Defendants)**

153.     Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

154.     Defendants accused Plaintiff of having inadequate skill and care as a physician by suspending, altering or modifying his clinical privileges at University Medical Center of Southern Nevada.

155.     The accusations that the Plaintiff caused the surgical complications are false, as he did not caused them.

156.     Through communications with third parties, including, without limitation, Medical Staff members and employees at University Medical Center of Southern Nevada and other health care institutions, the identities of whom shall be made known through Discovery, Defendants made it publicly known that Plaintiff's clinical privileges have been altered, suspended or modified, with knowledge of the falsity of the statements or in a reckless disregard of their truth or falsity.

157.     The publication was not privileged.

158.     The publication of these remarks has resulted in damages to the Plaintiff's reputation in the community, including, but not limited to:

(a)     emotional distress;

(b)     loss of employment and loss of future employment;

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER &
ASSOCIATES

(c)     harm to professional character;

(d)     humiliation and embarrassment;

(e)     sleeplessness and anxiety;

(f)     other damages as may arise during the course of discovery.

159.     As a direct and proximate result of the Defendant's acts the Plaintiff has been damaged in an amount to be proven at trial.

160.     Plaintiff has been required to retain the law firm of Law Offices of Jacob Hafter & Associates to prosecute this action and is entitled to recover attorney fees and costs incurred pursuant to N.R.S 18.010, Federal Rule of Civil Procedure 54 and all other applicable law.

### ATTORNEY FEES

As a result of the Defendants' actions as set forth above, Plaintiff has been required to retain the law firm of Law Offices of Jacob Hafter & Associates, to prosecute this action and has incurred and will continue to incur costs and attorney fees for which the Plaintiff is entitled to a separate award pursuant to N.R.S 18.010, as well as any other applicable statute or rule, in an amount to be determined by the Court.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of no less than twelve (12) persons on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendants as follows:

1.   For an order causing Defendants to withdraw their suspension of the Plaintiff's clinical privileges;

2.   For a declaration of rights, responsibilities, and obligations of Plaintiff and Defendants, including a declaration that the Defendants should not have taken action to suspend his clinical privileges in the manner which they have, should abide by the Bylaws, Credentialing Manual,

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
& ASSOCIATES

Fair Hearing procedure and other governing documents and provide him a speedy Fair Hearing;

3.   For an order requiring Defendants to adhere to the procedures in their Bylaws, Credentialing Manual, Fair Hearing procedure and other governing documents;

4.   For a judgment for the Plaintiff for all money damages available in a sum to be determined;

5.   For an award of attorney fees to the Plaintiff for his reasonable attorney's fees, court costs and necessary disbursements incurred in connection with this lawsuit; and,

6.   For such other and further relief as the Court deems just and equitable.

Dated this 12th day of May, 2009.

LAW OFFICE OF JACOB HAFTER & ASSOCIATES.


By: _____
JACOB L. HAFTER, ESQ.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES