1

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

\* \* \*

8

CHARLES WILLIAMS, M.D.,                )

       2:09-CV-00554-PMP-PAL

9

       Plaintiff,                )

10

vs.                )       **ORDER**

11

UNIVERSITY MEDICAL CENTER
OF SOUTHERN NEVADA, et al.,                )

12

13

       Defendants.                )

14

15

     On February 25, 2010, this Court entered an Order (Doc. #91) granting

16

Defendants' Motion for Summary Judgment regarding Plaintiff's Claims for Punitive

17

Damages (Doc. #68).

18

     On March 8, 2010, Plaintiff filed a Motion for Reconsideration of the

19

Court's Order (Doc. #94).  Having read and considered Plaintiff's fully briefed

20

Motion, the Court finds that it should be granted in part and denied in part.

21

     Plaintiff first argues that the Court's prior Order is not clear as to whether it

22

was finding Defendants Ellerton and Medical Staff state actors or private actors

23

acting under the color of state law.  Second Plaintiff argues that it would be unjust

24

not to allow punitive damages against Defendant Ellerton as he was the primary

25

actor against Plaintiff.  Third Plaintiff contends some of his claims arise under

26

federal law, and the state statutory privilege does not apply to federal claims.

Defendants' respond that Plaintiff should have raised these arguments before, and because he failed to do so, reconsideration is not warranted. Additionally, Defendants argue that the Court's prior Order was clear that Defendants Ellerton and Medical Staff were state actors, thus entitled to the statutory privilege.  As to the first and second arguments advanced by Plaintiff, the Court concurs with Defendants and finds that Plaintiff could, and should have raised these arguments in response to Defendants' motion for summary judgment on punitive damages.

Additionally, the Court's Order (Doc. #91) was clear that Defendants Ellerton and Medical Staff are state actors when performing acts pursuant to authority delegated by the Board and thus they are entitled to the statutory privilege. There is nothing unjust about not allowing punitive damages against Ellerton when acting in that capacity.  The State of Nevada has made the determination as a statutory matter, and this Court has no basis to decide that when a state actor is the "primary violator," it would be unjust for that actor to benefit from the statutory privilege.  Hence, Plaintiff's first and second request for reconsideration must be denied.

The Court, however, finds that Plaintiff is entitled to reconsideration with respect to his federal claims.  In their motion for summary judgment on punitive damages, Defendants requested the Court apply the statutory privilege in NRS § 41.035 to the state law tort claims in counts six, seven, eight and nine.  This Court's Order (Doc. #91) extended relief beyond that requested by Defendants when it granted the relief on his federal claims.  Defendants' response that Plaintiff  could have argued this matter in response to the original motion is misguided.  Plaintiff had no need to argue the issue previously because Defendants did not contend in their motion that NRS § 41.035 applied to Plaintiff's federal claim.

**IT IS THEREFORE ORDERED that** Plaintiff Charles Williams, M.D.'s Motion for Reconsideration of the Court's Order (Doc. #94) is **GRANTED** to the limited extent that this Court's prior Order (Doc. #91) granting Defendants' motion for summary judgment regarding punitive damages is modified to provide that said Order shall not apply with respect to Plaintiff's request for punitive damages on his federal claims.

**IT IS FURTHER ORDERED that** Plaintiff's Motion for Reconsideration (Doc. #94) is **DENIED** in all other respects.

DATED:  April 22, 2010.

_____
PHILIP M. PRO
United States District Judge

3