**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLES WILLIAMS, M.D.,        )
                                        )
                      Plaintiff,     )     Case No.: 2:09-cv-00554-PMP-PAL
                                          )
vs.                                     )      **ORDER**
                                          )
UNIVERSITY MEDICAL CENTER OF    )     (Mot. for Reconsideration - Dkt. #101)
SOUTHERN NEVADA, *et al.*,         )     (Mot. to Strike  - Dkt. #69)
                                          )
                      Defendants.   )
_____)

Before the court is Plaintiff's Motion for Reconsideration of Order Denying Motion to Strike Defendants' Expert (Dkt. #101), and Motion to Strike (Dkt. #69).

**BACKGROUND**

**I.**    **Motion for Reconsideration.**

In a prior order (Dkt. #100) the court denied Plaintiff's motion to strike expert.  Plaintiff's motion to strike expert (Dkt. #69) was filed November 13, 2009.  The motion was styled as a Motion to Strike Designation of Expert, Expert Report and Expert Testimony, and to Compel Discovery.  The motion sought to strike Defendants' designation of expert and the report and testimony of Dr. Della Lin. It also sought an order compelling Defendant Ellerton to provide an adequate response to Interrogatory No. 2 and for the medical staff to provide an adequate response to Interrogatory No. 7 and sought "the related documentation related thereto."

The parties have been engaged in protracted, bitter, and contentious litigation since this case was filed.  Numerous dispositive and non-dispositive motions have been filed and decided.  The undersigned began setting discovery and dispute resolution conferences beginning August 12, 2009, in an effort to expeditiously resolve the parties' discovery disputes and get this case ready for trial. Plaintiff filed a Motion to Compel and Motion to Strike Expert Witness and Motion for Sanctions (Dkt.

1    #44) August 14, 2009.  Among the many discovery disputes raised in the motion was the adequacy of

2    the Defendants' Rule 26(a)(2) disclosures with respect to Defendants' designation of Mitch Keamy,

3    M.D.  The court conducted status and dispute resolution conferences on the parties' numerous disputes

4    on August 20, 2009, and October 1, 2009.  The court believed that the motion to strike expert was the

5    one previously disposed of at the status conferences.  However, the second motion to strike expert (Dkt.

6    #69) was not filed until after these status conferences, nor disposed of on the merits.  Accordingly,

7    Plaintiff's Motion to Reconsider (Dkt. #101) is **GRANTED**, and the motion will be decided on its

8    merits.

9    **II.    Plaintiff's Motion to Strike.**

10         Plaintiff's Motion to Strike (Dkt. #69) seeks to strike the expert testimony of Dr. Della Lin on

11   several grounds.  First, Plaintiff claims Dr. Lin relied on materials that were not in her expert

12   disclosures or referenced in her report.  Because these failures were neither excusable nor harmless,

13   Plaintiff contends Defendants' failure to strictly comply with the requirements of Rule 26(a)(2) should

14   result in exclusion of her trial testimony by operation of the sanction provisions of Rule 37.  Plaintiff

15   argues that Dr. Lin's report consists of an incomplete conclusory statement which "lacks any cognizable

16   analysis."  Plaintiff claims that the lack of disclosure would have resulted in trial by ambush and that

17   Plaintiff only discovered the extent of the deficiencies in Dr. Lin's report by taking her deposition.

18         Plaintiff also argues that Defendants intend to call Dr. Lin to give opinions concerning a legal

19   conclusion on an ultimate issue of law.  Specifically, Plaintiff claims that offering Dr. Lin to testify

20   concerning fair process and policy encroaches on this court's authority to make determinations of law.

21   Finally, Plaintiff argues Dr. Lin's testimony should be excluded because of Defendants' failure to

22   provide adequate responses to Plaintiff's interrogatories and document requests.  Specifically, Plaintiff

23   alleges that Dr. Lin testified about an alleged third instance of airway mismanagement by the Plaintiff.

24   Plaintiff requested information about prior investigations of complaints about his airway management

25   skills, but Defendant Medical Staff responded that it could not recall any cases prior to March 5, 2005

26   for which Plaintiff was investigated because of concerns about his airway management skills.

27         Defendants oppose the motion, asserting Dr. Lin's report fully complies with the requirements

28   of Rule 26(a)(2) and that Plaintiff had a full and fair opportunity to examine her regarding each opinion

2

she offered at her deposition.  Dr. Lin is an anesthesiologist who provided an independent peer review of the actions of Dr. Williams which resulted in his suspension and other actions challenged in this lawsuit.  She was retained by the Defendants as an expert on the standard of care of Plaintiff's treatment of two patients considered by the Medical Executive Committee and at a subsequent Fair Hearing Committee resulting in adverse actions taken against the Plaintiff.  Defendants claim that the purpose of offering Dr. Lin as an expert is to assist the jury in understanding the quality of care concerns of the Medical Executive Committee and Fair Hearing Committee by explaining the failings of the Plaintiff and the care he provided.  Defendants also claim Dr. Lin will assist the jury in understanding the function of the Medical Executive Committee and Fair Hearing Committee and how hospitals discipline physicians.  Finally, Defendants claim Dr. Lin will assist the jury in understanding how this process takes place and the "gravity of the lack of proper care in this case."

Defendants claim that Plaintiff's concern about a third airway management case is misplaced. Dr. Lin's report refers to two airway mismanagement cases, and only two airway mismanagement cases were considered by the Medical Executive Committee and Fair Hearing Committee.  Defendants claim that Dr. Lin testified several times during her deposition that she based her opinion on the two previously mentioned airway mismanagement issues but thought that Dr. Williams mentioned a third case in his deposition, which was a document Dr. Lin reviewed in formulating her opinions in preparing her report.  Defendants affirmatively represent that they are not asserting that a third case was the basis of any decisions made by the Medical Executive Committee and Fair Hearing Committee with respect to Plaintiff's privileges at University Medical Center.

Defendants also claim that Dr. Lin's opinions about the processes and procedures used to suspend Dr. Williams' privileges is within her area of expertise because she has ample experience in the creation and implementation of fair hearings as a Chief of Medical Education and a member of the Peer Review and Hospital Quality Committee and as an educator in the composition and implementation of fair hearing processes and procedures.

Defendants claim that Plaintiff had ample opportunity to depose Dr. Lin after her report was filed, and if Plaintiff had objections to the adequacy of her report, the proper time to make an objection was before her deposition was taken.  Plaintiff's received Dr. Lin's report in September 2009 and took

3

1   her deposition on October 27, 2009.  Thus, Plaintiff had over a month to identify any deficiencies in her

2   report and either object to them or ask her about them in her deposition.  Defendants claim that

3   Plaintiff's counsel had ample opportunity to ask Dr. Lin whatever they wanted to during her deposition,

4   but he did not extensively question her about her report.  Thus, if Plaintiff is confused by the opinions

5   offered by Dr. Lin, it is because Plaintiff declined to fully examine her.

6          Defendants also dispute that Dr. Lin is being offered to provide opinion testimony on ultimate

7   questions of law that infringes on the court's role.  Dr. Lin opines that the Medical Executive

8   Committee followed their Fair Process and Policy after reviewing the fair hearing documents.

9   Defendants assert that if Dr. Lin's report is carefully read, it is apparent that she reached her opinions

10  about whether the Medical Executive Committee followed their fair process and policy based on the

11  policies and procedures in the University Medical Center Bylaws, her experiences as a member of the

12  Medical Executive Committee, and as a consultant for the Medical Executive Committee.  Defendants

13  deny that Dr. Lin is attempting to offer a legal judgment concerning whether the process followed

14  conformed to constitutional standards, but argue she is basing her conclusion that the Medical

15  Executive Committee and Fair Hearing Committee acted in a reasonable manner on her experience.

16  Defendants represent that Dr. Lin is not offering an opinion based on an industry standard of fairness.

17  Defendants acknowledge that conclusions regarding whether the procedures followed meet

18  constitutional standards is for the court to determine.  However, Defendants believe that Dr. Lin's

19  testimony will help the jury understand the process of creating bylaws, the process of a fair hearing, and

20  whether University Medical Center followed its policies and procedures.

21         Finally, Defendants claim that they have fully complied with Plaintiff's discovery requests.

22  Defendants reiterate that Dr. Lin does not base her opinions on any evidence concerning the alleged

23  third case of airway mismanagement and that her vague recollection that Plaintiff testified about a third

24  case is not a basis for excluding her testimony.

25         Plaintiff's reply reiterates his arguments that the Defendants' expert report fails to satisfy the

26  requirements of Rule 26(a)(2) and should be stricken.  Plaintiff argues Defendants have not provided all

27  documents, exhibits or data upon which Dr. Lin's opinions were based, and her report should be

28  stricken and her testimony excluded because the deficiencies are not substantially justified or harmless.

4

**DISCUSSION**

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any person who may be used as an expert witness. Fed. R. Civ. P. 26(a)(2)(B). Rule 26 provides that, "[t]hese disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Local Rule LR 26-1(e)(3) provides:

> Unless the discovery plan otherwise provides and the court so orders, the time deadlines specified in Federal Rule of Civil Procedure 26(a)(2)(C) for disclosure concerning experts are modified to require that the disclosures be made sixty (60) days before the discovery cut-off date and that disclosures respecting rebuttal experts be made thirty (30) days after the initial disclosure of experts.

LR 26-1(e)(3).

For each disclosed expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B). An expert's report must be "detailed and complete." *Elgas*, 179 F.R.D. at 300 *(quoting Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)). Expert reports are required in order to eliminate "unfair surprise to the opposing party and [to conserve] resources." *Elgas*, 179 F.R.D. at 299 (*quoting Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996)). In *Elgas* the court struck the designation of an expert because he had not listed in his report the cases in which he had testified as an expert. *Id.* at 300.

The purpose of an expert report is "not to replicate every word that the expert might say on the stand; it is instead to convey the substance of the expert's opinion, along with the other background information required by the rule, so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary." *See Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009) (*citing* 1993 Advisory Committee Note). The Committee Notes also explain that the report is "intended to set

5

forth the substance of the direct examination." *Id.* The essential purpose of expert disclosure is not to state verbatim what an expert will testify to at the time of trial; rather, the expert report should disclose sufficient information to prevent unfair surprise at trial by ensuring the other party is on adequate notice of the expert's proposed testimony. *Id.*

Fed. R. Civ. P. 37 authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). The Ninth Circuit has explained that Rule 37(c)(1) "gives teeth" to provide a fully compliant Rule 26(a)(2)(B) report "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd v. Decker's Outdoor Corp.*, 259 F.3d, 1101, 1106 (9th Cir. 2001). Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." *Walsh*, 583 F.3d at 994.

A literal reading of Rule 37(a)(3) and (c)(1) compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless. *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296 (D. Nev. 1998) (*citing Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997)). In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." *Continental Lab.* 195 F.R.D. at 677 (*quoting Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion which gives "particularly wide latitude to a district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,

1106 (*citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)).  The burden is on the party facing discovery sanctions under Rule 37(c)(1) to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless.  *Id*. at 1107;  *Torres v. City of Los Angeles*, 540 F.3d 1031, 1047 (9th Cir. 2008).  Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the trial court within its wide discretion under Rule 37(c)(1) even in the absence of showing a bad faith or willfulness.  *Id.* at 1106.

Here, Dr. Lin's expert report was timely submitted.  Plaintiff did not object to the sufficiency of the expert report before deposing her on October 27, 2009.  The court has carefully reviewed Dr. Lin's expert report and the seventy-three page transcript of her expert deposition.  A review of the transcript reflects that counsel engaged in a number of unseemly exchanges characteristic of the history of this case.  The court finds that Dr. Lin's report generally comports with the requirements of Rule 26(a)(2)(B).  She provides details concerning her conclusion that the anesthetic plan and management for the March 5, 2005 case were below the standard of care opining: 1) the pre-anesthesia assessment and documentation is inadequate; 2) airway management was compromised; 3) dated resuscitation protocols were used; and 4) the patient experienced a prolonged period of hypoxia.  Dr. Lin also opines that the clinical management for the second airway management case fell below the standard of care because clear instructions for uninterrupted management of a ventilator dependent patient should always be given, and it was inappropriate for Dr. Williams to leave the room without determining that clear communication to the health care providers present had occurred.

However, with respect to Dr. Lin's opinion that the MEC followed their fair process and policy, the court finds the report is insufficient.  The only statement in her report that supports or explains her conclusion is that she reviewed the "fair hearing documents" and determined "in that process, they took reasonable action which they felt would protect patients.  They offered an agreement to Dr. Williams, which was refused, resulting in action on his privileges."  *See* Report of Dr. Lin at 5, attached to Motion to Strike as Exhibit B.  However, counsel for Plaintiff had an opportunity to examine, and did ask Dr. Lin at her deposition the bases for her conclusion, and received her responses.  The court therefore finds Dr. Lin's failure to provide more detailed information about this opinion in her report was harmless.

Defendants represent that Dr. Lin will not be relying on a third airway mismanagement case to support her opinion, and that she will not be offering legal conclusions or opining on an industry standard of fairness.  The court will therefore grant the motion to the extent Dr. Lin shall be precluded from testifying in these areas, and deny it in all other respects.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1.      Plaintiff's Motion for Reconsideration (Dkt. #101) is **GRANTED**.

2.      Plaintiff's Motion to Strike (Dkt. #69) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent that Dr. Lin shall be precluded from: a) relying on a third airway mismanagement case in rendering her opinions about Dr. Williams' standard of care, or UMC's quality of care concerns regarding Dr. Williams; b) from offering legal conclusions, e.g. that Dr. Williams received due process, or that UMC's actions complied with constitutional standards; c) testifying concerning an industry standard of fairness.

3.      The motion is DENIED in all other respects.

Dated this 12th day of July, 2010.



PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE