UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| CHARLES WILLIAMS, M.D., et al., | ) | 2:09-CV-00554-PMP-PAL |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, et al., | ) | |
| Defendants. | ) | |

      Before the Court for consideration is Plaintiff's Motion to Bifurcate Trial for Purposes of Calculation of Punitive Damages Award (Doc. #157), filed on January 17, 2011. Defendants filed a Response (Doc. #188) on February 3, 2011, and Plaintiff filed a Reply Memorandum (Doc. #194) on February 14, 2011. The Court finds it unnecessary to reserve ruling on this motion until hearing on pending motions to be conducted May 3, 2011. The Court further finds that no oral argument is necessary to enable the Court to resolve the instant motion.

      At this stage of the proceedings it is unclear whether at the time of trial Plaintiff will be able to show by clear and convincing evidence, malicious, oppressive or reckless conduct by any Defendant sufficient to warrant consideration by the jury of an award of punitive damages. In the event the Court determines at trial that the evidence is sufficient to put that question to the jury, the Court will do so. Thereafter, should the jury determine that an award of punitive damages

is appropriate as to any Defendant in the case, the Court will allow the parties to reopen the presentation of evidence concerning the financial net worth of the Defendant(s) in question. This does entail the reopening of discovery concerning the net worth of any particular Defendant. Discovery in this case has closed. Nevertheless, Defendants are incorrect to the extent they suggest in their Response (Doc. #188, at pages 2-3) that Plaintiff cannot seek testimony at trial regarding a particular Defendant's net worth after the jury has determined that particular Defendant may be subject to an award of punitive damages. The fact that Plaintiff has failed to conduct timely discovery concerning the net worth of any or all Defendants means simply that Plaintiff may not posses extrinsic evidence on the subject prior to the stage at trial where it may be come relevant.

**IT IS THEREFORE ORDERED that** to the extent Plaintiff's Motion to Bifurcate Trial for Purposes of Calculation of Punitive Damages Award (Doc. #157) seeks to bifurcate the initial determination whether there is an evidentiary basis to consider awarding punitive damages against a particular Defendant, from the actual evidentiary presentation and determination as to what the amount of punitive damages, if any, should be, said motion is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff's Motion to Bifurcate Trial for Purposes of Calculation of Punitive Damages Award (Doc. #157) is **DENIED** in all other respects.

DATED: February 23, 2011.

_____
PHILIP M. PRO
United States District Judge

2