# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CHARLES WILLIAMS, M.D.,         )
                                         )
                Plaintiff,       )      Case No. 2:09-cv-00554PMP-PAL
                                          )
vs.                                     )       **ORDER**
                                          )
UNIVERSITY MEDICAL CENTER, *et al.,*   )      (Mot for Clarification - Dkt. #206)
                                          )
                Defendants.    )
_____ )

Before the court is Nevada State Board of Medical Examiners' Motion for Clarification of Minute of Proceedings Order Dated March 18, 2011 (Dkt. #206) filed March 25, 2011.  The court has considered the Motion, Defendants' Joinder (Dkt. #207), Plaintiff's Response (Dkt. #208), and the Nevada State Board of Medical Examiners' Reply (Dkt. #210).

The court announced its decision after hearing arguments of counsel and making detailed findings and conclusions on the record.  Minutes of Proceedings (Dkt. #205) were entered by the court's staff summarizing the court's rulings.  The Nevada State Board of Medical Examiners seeks clarification of this court's order granting in part and denying its part its motion to quash and for protective order asserting it is confused by the minutes.  Counsel for the Board of Medical Examiners fears that the minute order "appears to imply that questions specifically regarding the Williams' investigation would be appropriate", and understood that the court directed counsel for Williams to avoid questions concerning the Board's investigation of the Plaintiff.  The Board also requests clarification of the minutes because counsel understood that the undersigned "specifically excluded the production of the two banker boxes of materials" pertaining to Dr. Williams' investigation, and "further directed that specific reference to the Williams investigation was not to be a subject of inquiry."  It is

1   not clear to counsel for the Board why Mr. Cooper and Ms. Higgins should be required to familiarize
2   themselves with the Williams file as the minutes indicate.

3       Counsel therefore requests clarification in these two areas of concern "based upon the necessity
4   of preparing the Board's witnesses to testify at the trial of this matter."  Without further guidance,
5   counsel for the Board states it will be "excessively and unnecessarily difficult to prepare these witnesses
6   for trial."  Counsel for the Board requests an order containing a specific prohibition against reference to
7   the specifics of the Williams' investigation, and that the last sentence of the minutes be further clarified
8   to reflect that the two witnesses' review of the Board's records is only "needed to verify compliance
9   with the standard investigation of the Board in light of the general process testimony" the court deemed
10  admissible.

11      Defendants filed a one-line Joinder (Dkt. #207) to the motion.

12      Plaintiff filed a Response (Dkt. #208) objecting that the Board of Medical Examiners seeks to
13  change the court's order and eliminate the necessity to provide any testimony.  Counsel for the Plaintiff
14  purchased the audio recording of the hearing and states that it is clear from the order that the court
15  allowed testimony concerning general Board procedures and the general handling of the complaint filed
16  by UMC against the Plaintiff.  Counsel for Plaintiff states that neither of these areas requires addressing
17  the specifics of the investigation, and that the Board's motion to clarify is actually seeking to narrow the
18  court's oral rulings.  Counsel for Plaintiff does not find the order confusing and states that it should
19  remain unchanged.

20      Counsel for the Board replies that counsel for Plaintiff's citation to the hearing transcript of the
21  record confirms that clarification of the court's order is needed.  Counsel for the Board suggests that the
22  court "can easily simplify this matter and provide assistance to the Board and its witnesses in advance
23  of trial by explicitly prohibiting any reference to the specifics of the Williams investigation."

24      The court reviewed and carefully considered the Board's Motion to Quash Subpoena and/or for
25  Protective Order and for Attorney's Fees and Costs (Dkt. #190), and the related responsive papers of
26  the parties as well as oral arguments at the hearing conducted March 18, 2011.  The court ruled from
27  the bench providing its orders and the rationale for those orders in considerable detail.  The order was
28  granted in part and denied in part.  The motion requested a protective order and/or order quashing three

subpoenas issued by counsel for Plaintiff to require Douglas Cooper, Executive Director of the Board, Charles Held, M.D., President of the Board, and Board Investigator Heather Higgins from being required to testify at trial.  Counsel for the Board asserted the subpoenas were burdensome and harassing, and that the Board's investigation of Dr. Williams following his summary suspension by UMC was privileged under Nevada law, specifically the provisions of NRS 630.336.  Additionally, counsel for the Board requested that the court quash or modify the subpoenas because the witnesses lived and resided in Reno, more than 100 miles from Las Vegas where the trial will be held.

The court found that Plaintiff had articulated lines of proposed questions for trial that were both relevant and necessary to his case.  Specifically, counsel for Plaintiff had articulated why the testimony sought that was not only anticipated to respond to Defendants' legal position, but had been raised in multiple pleadings and papers on file by the Defendants in this matter.  The court found that the activities of the Board itself, what it does in response to a claim or report regarding a physician or health care provider under the Board's jurisdiction, the Board's statutory duties, and what the Board did in connection with its investigation of a report received by UMC regarding Dr. Williams were appropriate lines of inquiry at trial.  The court acknowledged that NRS 630.336 established state law confidentiality protection for certain proceedings, reports and complaints of investigations subject to the Board's jurisdiction.  However, notwithstanding the confidentiality provisions of the statute, the Board had not met its burden of showing that a protective order should issue precluding any testimony at all.

Rather, the court found that counsel for Plaintiff should be permitted to examine two of the three subpoenaed witnesses concerning the Board's process for responding to a claim against a physician, the Board's statutory duties, and in general, what the Board did in connection with its investigation of the report made by UMC in this case against Dr. Williams.  The court articulated that the details of the Board's investigation, the contents of the Board's report, and its findings were confidential under the statute.  However, as this is a federal case raising federal claims, Fed. R. of Evid. 501 governs the admissibility of evidence at trial.  The court made it clear that whether a particular question asked by counsel for Plaintiff was proper would be deferred to the trial judge.  Generally speaking, evidentiary rulings should be deferred until trial because questions of foundation, relevancy, and potential prejudice may only be resolved in the proper context after the trial court has heard the

evidence. *See, e.g. Hawthorne Partners v. AT&T Tech. Inc.,* 831 F.Supp 1398, 1400 (N.D. Ill. 1993).

Counsel for the Board sought a protective order, among other reasons, asserting these witnesses essentially had handled many cases and were unable to recall specifics of Dr. Williams' investigation. The court granted a protective order finding that Dr. Held need not respond to the subpoena to appear for trial, and also granted partial relief by permitting Mr. Cooper and Ms. Higgins to appear via video conference from the courthouse in Reno.  A partial protective order was entered to relieve them of the time and expense of traveling to and from Reno to Las Vegas for trial.  However, since counsel for the Board suggested that neither witness had much of a recollection about Dr. Williams' case, the court imposed the obligation that the witnesses familiarize themselves with the Board's files so the time of the trial court and jury was not wasted by the time consuming process of requiring the witnesses to review documents to refresh their recollection.

The undersigned's courtroom administrator did an admirable job summarizing the court's order. However, since counsel for the Board is confused, its request for clarification is granted.

**IT IS ORDERED** that:

1.    The Board's Motion for Clarification (Dkt. #206) is **GRANTED**.

2.    The Board's Motion to Quash and/or for Protective Order (Dkt. #190) is **GRANTED in part** and **DENIED in part**.

    a.    The motion is granted to the extent:

        i.    Dr. Held need not comply with the subpoena duces tecum issued by counsel for Plaintiff to appear and testify at trial, unless further ordered;

        ii.    Mr. Cooper and Ms. Higgins need not appear in person in Las Vegas to testify, but shall be permitted to testify via video conference from the Bruce R. Thompson United States Federal Courthouse, 400 S. Virginia Street, Reno, Nevada, 89501, to minimize the burden and expense of appearing and testifying in Las Vegas;

        iii.    The Board need not produce the documents subject to the subpoena duces tecum in Las Vegas for trial.

///

4

b.    Counsel for Plaintiff shall be responsible for coordinating the arrangements to have the witnesses testify via video conference with Judge Pro's courtroom administrator, or other designated chambers staff.

3.    The motion is denied to the extent that the Board seeks to preclude Mr. Cooper and Ms. Higgins from testifying at all.

4.    As counsel for the Board represented that Mr. Cooper and Ms. Higgins had little recollection of the Board's activities in connection with UMC's complaint regarding Dr. Williams in this case, the witnesses shall review the Board's files and records pertaining to this investigation to generally familiarize themselves with its content, the Board's activities, the time line of events, persons involved in the investigation, the source(s) of the Board's information, and what the Board did or did not do in response to UMC's complaint.

5.    Mr. Cooper and Ms. Higgins shall have the Board's files and records with them during their testimony to refer to them to refresh recollection if necessary.

6.    The Board's request for attorney's fees and costs for the necessity of filing the motion, and any other request for relief not specifically addressed in this order is **DENIED**.

Dated this 6th day of May, 2011.

_____
Peggy A. Leen
United States Magistrate Judge