UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES WILLIAMS, MD., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNIVERSITY MEDICAL CENTER ) <br> OF SOUTHERN NEVADA, et al., ) <br> ) <br> Defendants. ) | 2:09-CV-00554-PMP-PAL <br><br> **ORDER** |

      Before the Court for consideration is Plaintiff's Motion in Limine No. 2 (Doc. #152). At the hearing conducted May 3, 2011, the Court considered the arguments of counsel regarding Plaintiff's fully briefed motion and took the motion under submission.

      Generally, by his Motion, Plaintiff seeks pretrial ruling on two specific issues:  1. The appropriateness of evidence which may be presented in furtherance of certain of Defendants' affirmative defenses, and 2. The admissibility of a state court decision issued pursuant to Plaintiff's petition for writ in the administrative process. Subsumed within these general requests for relief is series of sub motions, which address particular types of evidence which Plaintiff seeks to exclude from the trial. While the issues raised by Plaintiff do not lend themselves to easy resolution *in limine*, the Court will endeavor to address each in this order in which they are raised.

1. Under the heading "This Court has Already Decided Certain Issues as a Matter of Law." Plaintiff seeks to exclude specified "issues of fact" and "issues of law" cited by Defendants in the Joint Pretrial Order (Doc. #138).

**IT IS ORDERED** that Plaintiff's Motion in Limine No. 2 (Doc. #152) is **GRANTED** with respect to issues of fact 10, 14, 15, 18, and 19, and as to issue of law 5.  Plaintiff's Motion is DENIED with respect to issues of fact 11 and 16, and issue of law 1.

2. Under the heading "Defendants Waived Certain Affirmative Defense by Failing to Raise them in Opposition to Plaintiff's Motion for Summary Judgment," Plaintiff again seeks to exclude evidence relating to specified "issues of fact" and "issues of law" asserted by Defendants in the Joint Pretrial Order.

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED** with respect to issue of fact 22, and issues of law 6, 8, 9, 10, 11, and 23.  This ruling does not preclude Defendants right to argue issues of law before the Court relating to any matter which is not properly before the jury for adjudication.

3. Under the heading "Defendants Raise Certain Affirmative Defenses Fail as a Matter of Law," Plaintiff seeks to exclude from evidence or argument before the jury at trial certain specified "issues of law" raised by Defendants in the Joint Pretrial Order.

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED** with respect to issues of law 7, 10, 11, 13, 20, and 23 provided that Defendants will not be precluded from arguing such issues before the Court, outside the presence of the jury, or post-verdict if necessary.

///

**4.** Under the heading "Defendants Must be Estopped from Taking Positions Contrary to those Previously Asserted before this Court."

**IT IS ORDERED** that the relief requested in subparagraph 4 of Plaintiff's Motion in Limine is **GRANTED**.

5. Under the heading "Defendants Fail to Raise their Affirmative Defense Related to Causation in their Answer, Amended Answer, Motions for Summary Judgment or Opposition to Plaintiff's Motion for Summary Judgment," Plaintiff appears to argue that Defendants are somehow precluded from offering evidence as to the quality of Plaintiff's performance as a doctor.  In this regard, Plaintiff argues that such evidence may only be permitted to further "affirmative defense related to causation." Plaintiff is wrong.  Plaintiff bears the burden of proving causation and damages in this case.  Defendants are permitted to offer evidence, including the testimony of Dr. Lin, which shows that regardless of the due process accorded Plaintiff in connection with his suspension, Plaintiff still would have been suspended because of various documented quality of care issues.

**IT IS ORDERED** that the relief requested in subparagraph 5 of Plaintiff's Motion in Limine is **DENIED**.

Finally, **IT IS ORDERED** that Plaintiff's Motion in Limine to exclude, the "Order from the Nevada District Court holding that the Board of Trustees did not act arbitrary or capriciously" is **GRANTED**.

DATED:  May 10, 2011.

PHILIP M. PRO
United States District Judge